FILED: MARCH 21, 2008
08CV1664            EDA
JUDGE LEFKOW
MAGISTRATE JUDGE ASHMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN OF TROY LIMITED, and OXO INTERNATIONAL LTD, <br><br> Plaintiffs, <br> v. <br><br> G&S METAL PRODUCTS COMPANY, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> <u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

Plaintiffs, Helen of Troy Limited ("Helen of Troy") and OXO International, Ltd. ("OXO"), for their complaint against G&S Metal Products Company, Inc.("G&S"), state as follows:

### NATURE OF ACTION

This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et. seq.*, for Defendant's actions of using, selling, having sold, offering to sell, making, having made and/or importing or having imported into the United States, products that directly infringe, contributorily infringe, or induce others to infringe, one or more claims of U.S. Patent No. 5,419,454.

### THE PARTIES

1. Plaintiff Helen of Troy is a Barbados international business company, and has its principal place of business at 13 – 8th Avenue, Belleville, St. Michael, Barbados.

2. Plaintiff OXO is a limited partnership organized and existing under the laws of the State of Texas, and has its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas, 79912.

3. Upon information and belief, Defendant G&S is an Ohio corporation, with its principal place of business at 3330 E. 79th Street, Cleveland, Ohio, 44127.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1331 and 1338(a) in that this matter arises under an Act of Congress relating to patents.

5. This Court has personal jurisdiction over G&S because G&S has committed the acts complained of herein in this district, and/or transacts business within this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), in that G&S has engaged in one or more acts of infringement within this district, including, *inter alia*, making, using, selling and/or offering to sell products that directly or contributorily infringe, or induce others to infringe, one or more claims of U.S. Patent No. 5,419,454.

## COUNT I – PATENT INFRINGEMENT

7. Helen of Troy is the owner of all right, title, and interest in and to U.S. patent no. 5,419,454 entitled MIXING BOWL, which was duly issued by the United States Patent and Trademark Office on May 30, 1995 (the "'454 Patent").

8. OXO is a sub-licensee of the '454 Patent and has the right to seek any legal and equitable remedies, and to bring any action, suit or other proceeding relating to any past, present, or future infringement, or threatened infringement, of the '454 Patent.

9. OXO sells one or more products incorporating the invention(s) claimed in the '454 Patent.

10. Without permission or license from Helen of Troy or OXO, G&S has made, is making, is having made, has sold, is selling, is causing to be sold, has offered for sale, is offering to sell, is causing to be offered for sale, and/or has imported, is importing, and/or is causing to be imported into the United States, within this judicial district and elsewhere, products, including, *inter alia*, rolling pins, that directly infringe, contributorily infringe, and/or induce others to infringe, Plaintiffs' exclusive rights in and to the '454 Patent, in violation of 35 U.S.C. § 271.

11. Plaintiffs notified Defendant G&S of its infringing conduct as prescribed by 35 U.S.C. §287.

12. Upon information and belief, G&S' infringement is and has been willful.

13. G&S' infringement of the '454 Patent has caused irreparable injury to Plaintiffs, and unless and until G&S' continuing infringement of the '454 Patent is enjoined by this Court, Plaintiffs will continue to suffer irreparable injury because of G&S' infringement. Plaintiffs have no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Helen of Troy and OXO pray that this Court enter an order and judgment in their favor and against Defendant G&S:

    (a) preliminarily and permanently enjoining G&S, and their respective parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, attorneys and all persons in active concert or participation with them, from making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States any goods that directly infringe, contributorily infringe, or induce others to infringe any claim of the '454 Patent;

    (b) ordering G&S to pay Helen of Troy and OXO the damages that they have respectively incurred as a result of the acts complained of herein, including an award to Helen of Troy and OXO of their respective lost profits as a result of the acts complained of herein, or, at a minimum, an award to Helen of Troy and OXO, respectively, of a reasonable royalty as a result of the acts complained of herein, and that any such damages award be trebled pursuant to 35 U.S.C. § 284

(c)    ordering G&S to pay Helen of Troy and OXO their respective interest, costs and expenses of this action, and their respective reasonable attorneys' fees, as a result of the acts complained of herein; and

(d)    awarding Helen of Troy and OXO any other relief that this Court deems just and fit.

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Helen of Troy and OXO demand a trial by jury.


Dated: March 21, 2008                HELEN OF TROY LIMITED
                                     AND OXO INTERNATIONAL LTD.

                                     By: /s/ Brian S. Clise
                                     An Attorney for Plaintiffs


Attorneys for Plantiffs
Alan L. Unikel
Brian S. Clise
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
(312) 460-5000